IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

THOMAS J. RAYMOND,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiff,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　　　　　　: Civ. No. 12-085-RGA
　　　　　　　　　　　　　　　　　　　　　　　　　　:
MARCUS MCGRIFF, et al.,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendants.　　　　　　　　　　　:

Thomas J. Raymond, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 4, 2012
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Thomas J. Raymond, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging theft and conspiracy and seeking review of a State court ruling. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

Plaintiff's wife, Debra L. Raymond ("Debra"), entered into a cash bail bond agreement on November 21, 2005, to obtain the release of Plaintiff following his arrest and detention. Plaintiff alleges that Defendant Marcus McGriff, employer/owner of Fast Bail Bonds, committed theft when he gave the cash bail to Defendant Ted Pedigrau, employer/owner of T & H Bail Bonds (formerly known as T & H Bonds), who obtained Plaintiff's release with the illegal funds. Pedigrau kept the left over funds even though Debra had not entered into an agreement with T & H Bonds. Plaintiff further alleges that McGriff and Pedigrau colluded to keep the left over bail funds paid to McGriff.

Plaintiff was convicted in January 2006 and sentenced in February 2006. On November 20, 2008, Debra filed an action in the Justice of the Peace Court of the State of Delaware against T & H Bail Bonds (formerly known as Robert G. Lubach t/a T & H Cash Bails) on the grounds that she was overcharged in the amount of $7,500. On April 30, 2009, the Justice of the Peace Court entered judgment in favor of Debra and against T & H Bail Bonds in the sum of $4,318.29, and dismissed the claim against Lubach with prejudice. Debra appealed to the Court of Common Pleas and it ruled against her.

Plaintiff seeks return of the monies, release from prison, revocation of the defendants' licenses, and a criminal investigation. He also asks the court to overrule the decisions of the Justice of the Peace Court and the Court of Common Pleas.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. See *Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. See *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C.

2

§§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

3

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

The Complaint is filed pursuant to 42 U.S.C. § 1983 against individuals who are the employers or owners of bail bond companies. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Defendants are private individuals engaged in the bail bondsman trade. Quite simply, they are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). The § 1983 claims against Defendants have no arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

In addition, the claims are time-barred. The Complaint raises claims pursuant to 42 U.S.C. § 1983 for acts that occurred in either 2005 or 2006. Plaintiff's complaint was signed (and therefore considered filed) on January 20, 2012. Section 1983 claims are subject to Delaware's two-year statute of limitations for personal injury actions. *See*

*Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993); *see also* 10 Del. C. § 8119. When the affirmative defense of statute of limitations is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred action *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Smith v. Delaware Cnty. Court*, 260 F. App'x 454, 455 (3d Cir. 2008); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006).

Plaintiff's claims arose in either 2005 or 2006, but the complaint was not filed until January 20, 2012. It is thus evident from the face of the complaint that Plaintiff's claims are barred by the applicable two-year limitation period. Accordingly, the Court will dismiss the Complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Finally, the Court cannot provide the relief Plaintiff seeks to the extent that he seeks review of the decisions of the Justice of the Peace Court and the Court of Common Pleas. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002). The *Rooker-Feldman* doctrine applies in cases "brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

5

Because Plaintiff's claims come within the purview of the *Rooker-Feldman* doctrine, the Court cannot exercise jurisdiction. Allowing Plaintiff's claims to proceed against Defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker-Feldman* doctrine. *See Rooker*, 263 U.S. at 413; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). To the extent that Plaintiff seeks to have this Court review or invalidate decisions of the Delaware Courts, this Court lacks the jurisdiction to do so.

The Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment of the Complaint is futile. All pending motions (D.I. 18, 21, 22, 23, 29, 33, 36) will be denied as moot.

An appropriate order will be entered.